IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as Dennis E. Jones-El,

                                                   OPINION and ORDER

                Plaintiff,

                                                   13-cv-544-bbc

     v.

KELLI WEST, AMY SMITH,
RICK RAEMISH, TODD OVERBO,
CATHY JESS, PETER HUIBREGTSE,
GARY HAMBLIN, TIM HAINES,
CHARLES COLE, STEVE CASPERSON,
GARY BOUGHTON and ANTHONY BROADBENT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Mustafa-El K.A. Ajala is proceeding on several claims related to receiving a halal diet in prison. Now before the court is defendants' motion for partial summary judgment on the grounds that plaintiff did not exhaust his administrative remedies with respect to three of those claims, as required by 42 U.S.C. § 1997e(a). For the reasons discussed below, I am granting the motion with respect to one claim and denying it as to the other two.

OPINION

      Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison

1

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999).

Defendants argue that plaintiff did not file any grievances related to the following claims:

> (1) in 2007, "at the direction of defendants Raemisch and Casperson," defendants Todd Overbo, Peter Huibregtse, Gary Boughton and Anthony Broadbent denied plaintiff's request for a halal diet, in violation of the free exercise clause, the establishment clause and the equal protection clause;
>
> (2) in September 2009, defendants Overbo, Raemisch, Casperson, Boughton, Broadbent, Smith, Cathy Jess, Kelli West, Tim Haines, Charles Cole and Huibregtse denied plaintiff's request for a halal diet, in violation of the free exercise clause, the establishment clause and the equal protection clause;
>
> (3) defendants Casperson, Jess, Raemisch, West, Cole, Smith and Gary Hamblin "implemented" a policy that required plaintiff in October 2009 to sign an agreement that the "vegan/vegetarian" diet "accurately reflect[s]" plaintiff's "religious needs," even though that diet is more restrictive than a

true halal diet, in violation of the Religious Land Use and Institutionalized Persons Act, the free exercise clause, the establishment clause and the equal protection clause.

Plaintiff points to three grievances that he says gave defendants adequate notice of his claims. First, he cites a grievance that he filed in December 2006 while he was incarcerated at the Green Bay Correctional Institution:

> The institution has made a serious error in DOC 309 IMP 6B Religious Diets. The DOC has self-selection, which means there's no substitute—the prisoner simply goes without, or a vegan diet, as the religious diet for Muslims. However, in Islam prohibiting what is halal (permissible) and permitting what is haram (not permissible) is an act of disbelief. In other words, if the DOC tells Muslims that they are to eat vegan diets even though their religion prescribes for them the eating of meat properly prepared, the Muslims commit an act called 'shirk' (ascribing partners to ALLAHU ta'Ala). Shirk is the gravest sin that a Muslim can commit. Clearly the DOC has listed vegan as a DOC alternative to the halal meat requirement in its IMP. Further, the IMP also lists Muslims as non-pork/Vegetarian. That is a false allegation against Muslims. Islam requires halal meat, not "no meat."
>
> Muslims request that this institution serve halal meat to Muslims. The volunteer for the Muslims, Mr. Maroof Shah, who conducts Islamic services here, is a friend of Dr. Sakr, and can assist the institution in purchasing halal meats for Muslims though a local company right here in Green Bay. The Muslims that live in the area purchase [from] the company, including Mr. Shah. The prices are similar to regular meat purchase prices in the market.
>
> The institution has the resources to accommodate kosher meals for Jewish prisoners, and does accommodate them. We, the Muslim community, request that the institution also utilize these means to accommodate Muslims under 309.61(7)(b)(c), as well.
>
> It is clear that when the administration declares Muslim inmates vegans and requires them to eat vegan meals, and the Muslim inmate conforms, the Muslim commits a very, very serious sin in Islam. It is only ALLAHU Ta'Ala who makes what is lawful to the Muslims unlawful. The Muslims should not be placed in a situation where it's either obey ALLAHU Ta'Ala or the DOC; particularly when it clearly doesn't have to be so.

Dkt. #14-1 at 11 (citations omitted).

Later the same month (while he was still at the Green Bay prison), plaintiff filed another, similar grievance:

> We, the Muslims at GBCI, have requested (to the Warden) to have halal meats (meats prepared as required in Islam for lawful consumption) placed on the canteen and served in the dining hall for Muslim prisoners. The request was made based on the availability of the availability of the Islamic Food and Nutrition Council of America's rapid growth in the country. The request has been disregarded. However, the Holy Quran mandates that Muslims . . . eat of the 'Tayibaat' (pure foods) that have been slaughtered with the recitation of the name ALLAH ta'ala (GOD Most-High) over it during the actual slaughtering. The Holy Quran also states that food caught from the sea is permissible. Therefore, Muslim prisoners can only consume meat prepared according Islamic law, and we earnestly and respectfully hereby request that we be accommodated, as we are under DOC custody (unable to go to a Halal store on our own), the entity responsible for ensuring that our religious practices are respected. Thank you.

Dkt. #14-2 at 10 (citations omitted).

Finally, in March 2008, after plaintiff was transferred to the Wisconsin Secure Program Facility, plaintiff filed the following grievance:

> I am a Muslim and I am being forced to eat meats that are non-halal (impermissible for Muslims), while Halal meats do exist and are provided to Jewish prisoners, but only to the white Jewish prisoners. The meals have halal "+" kosher symbols on them, but we are told we have to not eat meat if we don't like it. I spoke to chaplain Overbo about this and he had me fill out a religious diet form on 2-20-08 + told me on 2-19-08 that I'd get the halal meals. I wrote him over a week ago (about 10 days) asking for a copy of the form I filled out, and why I was still being denied. He refused to respond. I am being wrongly denied Halal meals even though they are available.

Dkt. #14-4 at 9 (citations omitted).

In their opening brief, defendants do not explain clearly why they believe that plaintiff's 2006 and 2008 grievances did not give prison officials adequate notice of the

4

problems that later became claims (1) and (2). Westefer v. Snyder, 422 F.3d 570, 580-81 (7th Cir. 2005) ("[A]ll that the PLRA requires" is to "alert[ ] the prison to the nature of the wrong for which redress is sought."). Both the grievances and the claims relate to alleged refusals to provide a halal diet. Although claims (1) and (2) relate to events that occurred in 2007 and 2009 rather than 2006 and 2008, I have concluded in previous cases that § 1997e(a) does not require prisoners to file a new grievance each time a new instance of the same alleged conduct occurs. E.g., Recla v. Martinez, 09-cv-102-bbc, 2010 WL 2633926 (W.D. Wis. June 25, 2010); Freeman v. Berge, 03-cv-21-bbc, 2004 WL 1774737, *5 (W.D. Wis. Jul. 28, 2004). See also Johnson v. Johnson, 385 F.3d 503, 521 (5th Cir. 2004) ("prisoners need not continue to file grievances about the same issue").

In their reply brief, defendants ignore the 2008 grievance, so I assume that they have abandoned their argument that plaintiff did not exhaust his remedies as to the claim that defendants denied him a halal diet in 2009. With respect to the 2006 grievances, defendants develop a new argument that the 2006 grievances cannot satisfy plaintiff's exhaustion requirement because he filed those grievances while he was incarcerated at the Green Bay Correctional Institution and all of his claims arise out of events that occurred after he was transferred to the Wisconsin Secure Program Facility in February 2007. However, plaintiff says that the policy he is challenging comes from the Department of Corrections rather than from a particular prison, so it is not clear why plaintiff would have been required to file a new grievance. The case defendants cite to support their argument, Kramer v. Pollard, 497 F. App'x 639 (7th Cir. 2012), has nothing to do with exhaustion.

5

Of course, if any of the defendants did not have notice of plaintiff's desire for a halal diet, then they cannot be held liable for violating plaintiff's rights. Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."). However, that is a separate issue from exhaustion, which is about notice of a problem rather than notice to a particular defendant. Jones v. Bock, 549 U.S. 199, 219 (2007) ("[E]arly notice to those who might later be sued . . . has not been thought to be one of the leading purposes of the exhaustion requirement."). In any event, defendants forfeited this argument by failing to develop it in their opening brief. Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009).

With respect to plaintiff's claim that he was required to sign a statement that violated his religious beliefs, I agree with defendants that plaintiff did not exhaust his administrative remedies. Although plaintiff complained in his first grievance that it violated his religious beliefs to eat vegetarian meals, he said nothing about being required to sign a statement. Rather, according to plaintiff's own allegations, he was not required to sign the statement until 2009. Obviously, it is impossible to grieve a claim before any of the events giving rise to the claim have occurred. Accordingly, I am granting defendants' motion as to this claim.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Kelli West, Amy Smith, Rick Raemisch, Todd Overbo, Cathy Jess, Peter Huibregtse, Gary

Hamblin, Tim Haines, Charles Cole, Steve Casperson, Gary Boughton and Anthony Broadbent, dkt. #12, is GRANTED with respect to plaintiff Mustafa-El K.A. Ajala's claim that defendants Casperson, Jess, Raemisch, West, Cole, Smith and Gary Hamblin "implemented" a policy that required plaintiff in October 2009 to sign an agreement that the "vegan/vegetarian" diet "accurately reflect[s]" plaintiff's "religious needs," in violation of the Religious Land Use and Institutionalized Persons Act, the free exercise clause, the establishment clause and the equal protection clause. The motion is DENIED in all other respects.

    Entered this 7th day of May, 2014.

                                         BY THE COURT:
                                         /s/
                                         BARBARA B. CRABB
                                         District Judge